IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DECKRICE L. MORRISSEY, #178022, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15-CV-500-MHT |
| ) | [WO] |
| ) | |
| CHRISTOPHER CHRISTIAN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Deckrice L. Morrissey ("Morrissey"), a state inmate, on July 11, 2015.[1] Morrissey names Christopher Christian, her probation officer, the Opelika Police Department and Ben Jones, an officer with such department, as defendants. In the complaint, Morrissey challenges the validity of her arrest for shooting into an occupied vehicle in September of 2012 and complains that the defendants failed to conduct an investigation into the charge lodged against her. *Complaint - Doc. No. 1* at 8-9. Morrissey also presents claims which challenge the constitutionality of the conviction imposed against her by the Circuit Court of Lee County, Alabama for this offense. *Id*. Morrissey seeks an investigation of the criminal charge and monetary damages. *Id*. at 3.

---

[1] Although the Clerk stamped the complaint "received" on July 14, 2015, Morrissey avers that she presented the complaint to prison officials for mailing on July 11, 2015. *Complaint - Doc. No. 1* at 4. A *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Morrissey] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers July 11, 2015 as the date of filing.

Upon review of the complaint, the court concludes that this case is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).[2]

## II. DISCUSSION

### A. The Improper Arrest Claim

Morrissey asserts that Dominque Mullins accused her of "shooting into an occupied vehicle on the night of September 21, 2012" which accusation resulted in her being taken "into custody by her probation officer Christopher Christian" later that same month. *Complaint - Doc. No. 1* at 8. Morrissey maintains that her arrest was improper because the defendants failed to investigate the validity of the charge before effectuating her arrest.[3] In addition, Morrissey complains that the defendants did not question her at the time of her arrest or conduct a forensic investigation prior to her return to the custody of the Alabama Department of Corrections on October 23, 2012 for a violation of her probation. *Id*. It is clear from the complaint that Morrissey's claims challenging the constitutionality of her arrest and the lack of a post-arrest investigation are barred by the statute of limitations applicable to a federal civil action filed by

---

[2] Morrissey was granted leave to proceed *in forma pauperis* in this cause of action. *Order of July 15, 2015 - Doc. No. 3*. The complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B) which allows the court to dismiss a prisoner's complaint prior to service of process if the claims are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] A false arrest claim accrues at the time of arrest and "provide[s] recovery for injuries suffered between the time of the arrest and the [initiation of the] legal process." *Traylor v. Whiting*, 85 F.3d 581, 585 (11th Cir. 1986), citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (damages for false arrest claim cover the time from arrest/detention until issuance of legal process). The legal process begins upon any of the following events: (i) issuance of an arrest warrant, (ii) an initial appearance before the committing court, (iii) the filing of an information, (iv) issuance of an indictment, or (v) arraignment of the party. *Id*. at 585-586; *Kingsland v. City of Miami*, 382 F.3d 1220, 1235 (11th Cir. 2004); *Love v. Oliver*, 450 F.Supp. 1336, 1342-1343 (N.D. Ga. 2006). When an arrest is made prior to any act which constitutes legal process, the claim challenging the arrest is one of false arrest. *Traylor*, 85 F.3d at 585. Assuming *arguendo* that the legal process had not begun at the time of Morrissey's arrest, the court construes this allegation as a false arrest claim based on an alleged lack of probable cause to support the arrest.

an inmate under 42 U.S.C. § 1983.

> **All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought**. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (emphasis added).

The arrest about which Morrissey complains occurred in September of 2012. The time period relevant to the lack of investigation claim occurred from the time of Morrissey's arrest until her return to prison in October of 2012. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Morrissey from application of the time bar.[4] Thus, the statute of limitations began to run on the claims arising from the challenged arrest in September of 2012 and the lack of an investigation, at the latest, in October of 2012. The limitations period ran uninterrupted until it expired in the latter days of September 2014 and October 2014, respectively. Morrissey filed the instant complaint on July 11, 2015. This filing therefore occurred several months ***after*** expiration of the period of limitations.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the

---

[4] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Morrissey was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(I)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310,] 1330, 1332 [(D.C. Oregon 1983)]." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Morrissey has no legal basis on which to proceed regarding the validity of her arrest and the lack of a post-arrest investigation as she filed this cause of action more than two years after the challenged actions occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to Morrissey's claims expired over eight months prior to Morrissey filing the instant complaint. In light of the foregoing, the court concludes that

the improper arrest and lack of investigation claims are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(I). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

Moreover, even had Morrissey presented her lack of a post-arrest investigation claim in a timely manner, she would be entitled to no relief as an individual "does not have a federal due process right to a police investigation. *See DeShaney v. Winnebago County Dep't of Soc. Serv.*, 489 U.S. 189, 195–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (In general, the Due Process Clause does not impose an affirmative duty on states to aid or protect their citizens.)." *Maxey v. Banks*, 26 Fed. Appx. 805, 808 (10th Cir. 2001); *Green v. City of Paterson*, 971 F.Supp. 891, 907-908 (D.N.J. 1997) ("No liability can be imposed against an officer for failing to conduct a post-arrest investigation or failing to conduct it properly. [*Romero v. Fay*, 45 F.3d, 1472, 1479 10th Cir. 1995); *Sanders v. [English]*, 950 F.2d [1152,] 1162 [(5th Cir. 1992).");*see also Forrester v. Stanley*, 394 Fed. Appx. 673, 675 (11th Cir. 2010) (neither state nor municipal authorities have an affirmative duty to protect or aid an individual); *Baker v. McCollan*, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695 (1979) (A law enforcement official "is [not] required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.").

---

[5] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

## B. Malicious Prosecution[6]

To the extent the complaint can be construed to contain a claim of malicious prosecution for actions taken after the issuance of legal process, Morrissey is entitled to no relief.

> Th[e] [Eleventh] Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under §1983." *Wood [v. Kesler],* 323 F.3d [872, 881 (11th Cir. 2003)]; *accord Kjellsen v. Mills,* 517 F.3d 1232, 1237 (11th Cir.2008). "[A]lthough both state law and federal law help inform the elements of the common law tort of malicious prosecution, a Fourth Amendment malicious prosecution claim under § 1983 remains a federal constitutional claim, and its elements and whether they are met ultimately are controlled by federal law." *Wood,* 323 F.3d at 882.
>
> To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; **and** (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland v. City of Miami,* 382 F.3d 1220, 1234 (11th Cir.2004); *Wood,* 323 F.3d 872, 881 (11th Cir. 2003). As to the first prong, the constituent elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood,* 323 F.3d at 882. The elements under Alabama law for the common-law tort of malicious prosecution are the same, except that they require only a "judicial proceeding" not a "criminal prosecution." *Delchamps, Inc. v. Bryant,* 738 So.2d 824, 831-32 (Ala.1999).

*Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256-1257 (11th Cir. 2010) (emphasis in original).

It is clear to the court that the conviction under which Morrissey is currently incarcerated has not been invalidated. Therefore, any claim for malicious prosecution fails to state a claim upon which relief can be granted. *Heck,* 512 U.S. at 484 (like a common-law claim for malicious prosecution which requires the accused to prove the termination of criminal proceedings in her

---

[6] Claims challenging the constitutionality of arrest or detention occurring after the legal process has begun are properly construed as malicious prosecution claims. *Traylor*, 85 F.3d at 585; *Kingsland*, 382 F.3d at 1235; *Singer v. Fulton County Sheriff*, 63 F.3d 110, 117 (2nd Cir. 1995).

favor, a § 1983 claim for malicious prosecution also requires as an essential element that the plaintiff prove the termination of criminal proceedings in her favor or a § 1983 cause of action does not exist).

### C. The Challenge to Plaintiff's Conviction

Morrissey argues that the conviction imposed upon her by the Circuit Court of Lee County, Alabama for shooting into an occupied vehicle is unconstitutional "because she is innocent and did not commit this crime." *Complaint - Doc. No. 1* at 8. Morrissey also alleges that her attorney did not interview her, failed to conduct a proper investigation into the facts of her case and failed to ensure that law enforcement officials conducted an investigation, including forensic tests, to determine the validity of the charge lodged against her. Under well settled law, the claims raised by Morrissey regarding the validity of her conviction provide no basis for relief in this cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck,* 512 U.S. at 486-487; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 483-489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487; *Balisok*, 520 U.S. at 646-648. "It is irrelevant that [the plaintiff] disclaims any intention of challenging [her] conviction; if [she] makes allegations that are inconsistent with the conviction's having been

valid, *Heck* kicks in and bars [her] civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

It is well settled that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for her incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [her] conviction ... may not do that in a civil suit, other than a suit under the habeas corpus statute...."). The rule of *Heck* is not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what [she] must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue ... is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court again emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

It is clear that Morrissey's conviction which forms the basis for her present incarceration has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Morrissey's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on her conviction for shooting into an occupied vehicle. 512 U.S. at 489 ("Even a prisoner who has fully exhausted

8

[all] available ... remedies has no cause of action under § 1983 unless and until the conviction ... is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, those claims seeking relief from the conviction and sentence imposed upon Morrissey by the Circuit Court of Lee County, Alabama for shooting into an occupied vehicle are prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to the constitutionality of her arrest and her claim regarding the lack of a post-arrest investigation by law enforcement officials be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation and because the latter claim likewise provides no basis for relief.

2. To the extent the plaintiff presents a claim of malicious prosecution with respect to her conviction for shooting into an occupied vehicle, this claim be summarily dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not one on which relief can now be granted.

3. The plaintiff's claims challenging the constitutionality of her conviction by the Circuit Court of Lee County, Alabama for shooting into an occupied vehicle be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are

not cognizable in the instant civil action.

    4.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

    It is further

    ORDERED that on or before August 7, 2015 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 23rd day of July, 2015.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE